Arthur POST, Anna Post and Andrew Thiede, Plaintiffs-Appellants,

v.

Richard SCHWALL and Norma Schwall, Defendants-Respondents.

Court of Appeals

*No. 89-2354. Submitted on briefs May 31, 1990.—Decided August 8, 1990.*

(Also reported in 460 N.W.2d 794.)

653

On behalf of the plaintiffs-appellants the cause was submitted on the brief of *Leonard W. Schulz* of Big Bend.

On behalf of the defendants-respondents the cause was submitted on the brief of *Paul E. Kremer* of *Seymour, Kremer, Nommensen & Morrissy* of Elkhorn.

Before Nettesheim, P.J., Scott, J, and Circuit Judge Daniel P. Anderson, acting.

NETTESHEIM, P.J.   Arthur Post, Anna Post and Andrew Thiede (the Posts) appeal from a summary judgment dismissing their claims against Richard and

Norma Schwall for breach of contract and fraud. The issues on review are (1) whether the Posts stated a cause of action for fraud; and (2) whether *res judicata* bars the Posts' contract claim. We conclude that the Posts have failed to state a claim for relief in fraud and that their contract action is barred by the judgment in a prior foreclosure action involving the same parties. Therefore, we affirm the judgment.

The material facts are undisputed. The Schwalls entered into a land contract with Thiede to purchase approximately 300 acres of farmland and several buildings on the land. Under the terms of the contract, the Schwalls agreed to keep the premises insured for fire and extended coverage, with any loss payable under such coverage to be paid directly to the seller, Thiede. Thiede died in 1981, and his interest in the land contract passed to the Posts.

In 1985, a fire destroyed a rental building on the property. The Schwalls filed for and received $10,000 in insurance proceeds, which, instead of turning over directly to the Posts, they applied to their payments under the land contract. In July 1986, the Schwalls failed to make a principal and interest payment called for under the land contract.

In the fall of 1986, Production Credit Association (PCA) commenced an action against the Schwalls for foreclosure of its mortgage on the property. In that action, the Posts cross-claimed against the Schwalls for foreclosure of the land contract. PCA eventually dismissed its primary foreclosure action, leaving only the Posts' cross-claim as the remaining claim in the action. A judgment of foreclosure was entered in favor of the Posts for the full amount owing under the land contract, including principal, interest, attorney's fees and disbursements. At the sheriff's sale, the Posts were the

highest bidders, purchasing the property for the amount of the judgment, plus costs and fees associated with the sale.

Six months after reclaiming the property in foreclosure, the Posts initiated the present action against the Schwalls. Their complaint alleged that the Schwalls breached the land contract and committed fraud by failing to turn over the fire insurance proceeds in 1985. The Schwalls moved for summary judgment, arguing *res judicata* and merger. The trial court ruled that the Posts' contract action was barred by the judgment rendered in their prior foreclosure action and that the Posts failed to state a cause of action for fraud. Therefore, the court dismissed the Posts' claims, awarded the Schwalls costs and permitted the Posts to replead fraud based on concealment. The Posts appeal.

In reviewing the trial court's grant of summary judgment, we must apply the standards of sec. 802.08, Stats., in the same manner as did the trial court. *United States Fidelity & Guar. Co. v. Goldblatt Bros., Inc.,* 142 Wis. 2d 187, 190, 417 N.W.2d 417, 419 (Ct. App. 1987). That methodology has been stated often, *In re Cherokee Park Plat,* 113 Wis. 2d 112, 115–16, 334 N.W.2d 580, 582–83 (Ct. App. 1983), and we need not repeat it here. Our review is *de novo. Id.* at 115–16, 334 N.W.2d at 582.

We turn first to the dismissal of the Posts' fraud claim. During the motion hearing, the Posts' attorney made the following statement regarding the fraud claim:

> MR. SCHULZ [Posts' attorney]: I have one factual problem myself that perhaps because *I consider the argument so facile* that I did not inquire of my own clients about.
>
> I do not know sitting here this afternoon whether or not Arthur Post, who acts on behalf of his

mother and elderly uncle, knew when the foreclosure occurred that insurance proceeds had been paid to anyone. I can't answer that one way or the other.

MR. KREMER [Schwalls' attorney]: What difference does it make?

MR. SCHULZ: Well, it makes a lot of difference because if he didn't know, then the concealment continued through the foreclosure. [Emphasis added.]

The trial court, when dismissing the fraud claim, quoted the above exchange in its written decision, inquiring rhetorically, "If the plaintiff does not know what its defense [sic] is, how can the Court?"

On appeal, the Posts contend that this ruling was error. They argue that the Schwalls breached the contract, first, by failing to make Thiede the named insured on the fire insurance policy, and second, by failing to turn over the insurance proceeds directly to Thiede's successors, the Posts. However, the Posts fail to develop any argument as to how these actions constituted fraud. Arguments raised but not briefed or argued are deemed abandoned by this court. *Reiman Assocs., Inc. v. R/A Advertising, Inc.,* 102 Wis. 2d 305, 306 n.1, 306 N.W.2d 292, 294 (Ct. App. 1981). Furthermore, the Posts' request for reinstatement of the fraud claim is unsupported by even one citation to legal authority. Arguments unsupported by references to legal authority will not be considered. *See State v. Shaffer,* 96 Wis. 2d 531, 545–46, 292 N.W.2d 370, 378 (Ct. App. 1980).

Moreover, the Posts' counsel invited the dismissal when he expressed reservations regarding the vitality of the claim. One may waive the right to appeal where he has caused or induced a judgment to be entered or has consented or stipulated to the entry of a judgment.

*County of Racine v. Smith,* 122 Wis. 2d 431, 437, 362 N.W.2d 439, 442 (Ct. App. 1984). When pressed on the matter by the trial court, counsel indicated that he had not drafted the complaint, had not inquired of his clients about the claim, acknowledged that further factual inquiry was appropriate, and labeled the argument (presumably in support of the claim) "facile." In light of these statements, the trial court's dismissal of the fraud claim with leave to the Posts to replead was eminently reasonable and understandable. We see no error in the ruling.

The second issue is whether the Posts' breach of contract claim is barred by *res judicata.* The application of the doctrine of *res judicata* is a question of law, to which we apply an independent standard of review. *Landess v. Schmidt,* 115 Wis. 2d 186, 191, 340 N.W.2d 213, 216 (Ct. App. 1983).

Once a final judgment is entered in a case, the doctrine of *res judicata* bars all subsequent actions between the parties on claims which were or could have been litigated in the original proceeding. *Id.* at 190, 340 N.W.2d at 215-16. This rule prevents repetitive litigation. *Id.* at 191, 340 N.W.2d at 216. Application of the doctrine requires both identity of parties—which is not at issue here—and identity of claims. *Id.*

Wisconsin has adopted the "transactional view" of identity of claims. *Id.* at 192, 340 N.W.2d at 216. Regardless of the theories or forms of relief originally pursued, *res judicata* bars subsequent litigation arising out of the same transaction or series of transactions. *Id.* The transactional analysis is to be applied pragmatically, "giving weight to such considerations as whether the

658

facts are related in time, space, origin, or motivation . . . and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* at 192, 340 N.W.2d at 216-17 (emphasis omitted) (quoting *Restatement (Second) of Judgments* sec. 24(2) (1980)).

The Posts contend that the foreclosure and breach of contract claims arose out of two separate transactions—one concerning breach of the insurance clause and the other concerning breach of the payments clause.[1] The Posts confuse "breach" with "transaction." While the breaches were separate events, the Posts' present breach of contract arose from the same land contract transaction which was the subject of the prior foreclosure action.

We next consider whether the Posts' claim was, or could have been, litigated in the foreclosure action. *Id.* at 190, 340 N.W.2d at 216. The Schwalls' alleged breach of the insurance provision of the contract occurred seventeen months before the Posts sued for foreclosure. The Posts do not claim they were unaware of the alleged breach when they commenced and litigated the foreclosure action. The Posts clearly could have litigated the insurance claim in their prior foreclosure action.

A foreclosure judgment determines with finality the rights of the parties to the contract. *See Shuput v. Lauer,* 109 Wis. 2d 164, 172, 325 N.W.2d 321, 326 (1982). The effect of strict foreclosure is to bar and foreclose the purchaser's equitable interest in the property and terminate the purchaser's rights under the contract.

---

[1]The Posts posit several hypothetical fact situations in support of their argument. However, we do not reach decisions based on hypothetical facts. *See State v. Panno,* 151 Wis. 2d 819, 829 n.2, 447 N.W.2d 74, 78 n.2 (Ct. App. 1989).

*Kallenbach v. Lake Publications, Inc.,* 30 Wis. 2d 647, 653, 142 N.W.2d 212, 215 (1966). Foreclosure also "is effective to fully liquidate and discharge the contract . . . [and] bars any other rights of the vendor under the contract." *Id.* (quoting *3 American Law of Property* sec. 11.75 at 187 (1952)); *see also Kunz v. Whitney,* 167 Wis. 446, 449-50, 167 N.W. 747, 748 (1918) (holding that when the holder of a land contract repurchases the land in foreclosure, the contract between the parties is effectively canceled and the purchaser is relieved of any unperformed obligations of the contract). This, we conclude, "conforms to the parties' expectations or business understanding or usage." *Landess,* 115 Wis. 2d at 192, 340 N.W.2d at 216-17.

The foreclosure proceeding put in repose those disputes then existing and known under the land contract.
*By the Court.*—Judgment affirmed.