K.W., Plaintiff-Respondent,

v.

Charles W. BANAS, Jr., Defendant-Respondent,

AETNA CASUALTY & SURETY COMPANY, Defendant-Petitioner-Appellant.

Court of Appeals

*No. 94–3070–LV. Submitted on a petition November 18, 1994.—Decided January 31, 1995.*

(Also reported in 529 N.W.2d 253.)

For the defendant-petitioner-appellant the cause was submitted on the petition of *John D. Bird, Jr.* of *Bird, Martin & Salomon, S.C.* of Milwaukee.

For the plaintiff-respondent the cause was submitted on the response of *Lori L. Schultz* and *Robert M. Courtney* of *Courtney & Molter, S.C.* of Milwaukee.

For the defendant-respondent the cause was submitted on the response of *M. Christine Cowles* and

*Michael D. Stotler* of *Borgelt, Powell, Peterson & Frauen, S.C.* of Milwaukee.

Before Wedemeyer, P.J., Sullivan and Schudson, JJ.

PER CURIAM. Aetna Casualty & Surety Company has filed a notice of appeal from a trial court order denying its motion for a stay of the underlying proceedings and denying its motion for summary judgment. Charles W. Banas, Jr., is being sued by K.W. for damages. Aetna, Banas's insurer, sought summary judgment arguing that it had no duty to defend. Banas and K.W. argue that the order from which Aetna appeals is not final and that Aetna's appeal should be dismissed. We agree.

Aetna suggests that, under the procedures for resolution of coverage questions established in *Elliott v. Donahue*, 169 Wis. 2d 310, 485 N.W.2d 403 (1992), and *Newhouse v. Citizens Security Mutual Insurance Co.*, 176 Wis. 2d 824, 501 N.W.2d 1 (1993), a trial court order finding coverage should be considered appealable as of right. The rules of appellate procedure are clear, however. An appeal of right may be taken from a final judgment or order. Section 808.03(1), STATS. A final judgment or order is one "which disposes of the entire matter in litigation as to one or more of the parties." *Id.*

Aetna's submissions establish that the trial court's order does not dispose of the litigation as to any party in the underlying action. Rather, the trial court's order requires trial in this matter and Aetna's participation in that trial. Because no final order has been entered, Aetna's appeal must be dismissed.

Contrary to Aetna's suggestion, neither *Elliott* nor *Newhouse* expands the statutory definition of finality to include a trial court determination that coverage exists under a particular policy. It is well settled that the right to appellate review is a statutory right and, absent a statutory provision allowing appeal, none may be had. *State v. Jakubowski,* 61 Wis. 2d 220, 223, 212 N.W.2d 155, 156 (1973). If an appeal is not permitted within the terms of a statute allowing the appeal, the appellate court " 'has no jurisdiction to do anything other than dismiss the appeal.' " *Id.* (citation omitted).

The purpose of the requirement that a final order or judgment be entered before an appeal of right may be taken is twofold. First, the rule is designed to protect trial proceedings by avoiding unnecessary interruptions and delays caused by multiple appeals. *Heaton v. Independent Mortuary Corp.*, 97 Wis. 2d 379, 395, 294 N.W.2d 15, 23 (1980). Second, the rule reduces "the burden on the court of appeals by limiting the number of appeals to one appeal per case and allowing piecemeal appeals only under the special circumstances set forth in [§] 808.03(2), STATS. [criteria for granting interlocutory review]." *Id.*, 97 Wis. 2d at 395-96, 294 N.W.2d at 23.

Aetna has also filed a petition for leave to appeal from the same trial court order denying its motion for summary judgment. K.W. and Banas have both filed responses opposing Aetna's petition. Upon review of the petition and the responses, the court concludes that the petition does not meet the criteria for granting permissive appeal. *See* § 808.03, STATS.

*By the Court.*—Appeal dismissed; petition for leave to appeal denied.