CASCADE MOUNTAIN, INC. , a Wisconsin corporation, and American Home Assurance Company, a foreign corporation, Plaintiffs-Appellants,†

v.

CAPITOL INDEMNITY CORPORATION, a Wisconsin insurance corporation; Industrial Retail Investigation Security, a division of Robert T. Shunk & Associates, Inc.; and Robert T. Shunk & Associates, Inc., Defendants-Respondents.

Court of Appeals

No. 96–2562. *Submitted on memorandum October 28, 1996.—Decided July 3, 1997.*

(Also reported in 569 N.W.2d 45.)

† Petition to review denied.

On behalf of the plaintiffs-appellants, the cause was submitted on the memorandum of *Jeffrey J. Strande* of *Terwilliger, Wakeen, Piehler & Conway, S.C.* of Wausau.

On behalf of the defendants-respondents, the cause was submitted on the letter response of *Sabin S. Peterson* of *Axley Brynelson* of Madison.

Before Dykman, P.J., Vergeront and Deininger, JJ.

PER CURIAM. Cascade Mountain, Inc., and American Home Assurance Company (collectively, "Cascade") appeal from a conditional judgment which followed the trial court's order dismissing two of Cascade's claims on summary judgment. To avoid the expense of trying the remaining, more limited claim which had survived summary judgment, the parties stipulated to the entry of final judgment, but reserved specific rights conditioned upon the result on appeal. The issue before us is whether Cascade waived the right to appeal by stipulating to the entry of a condi-

tional judgment. Because we conclude that it has, we dismiss this appeal.

Cascade sued Capitol Indemnity Corporation, Industrial Retail Investigation Security and Robert T. Shunk & Associates, Inc. (collectively, "Indemnity") for the settlement amount, costs and attorney's fees Cascade had paid in defending a personal injury action in federal court. Indemnity moved for summary judgment. The trial court granted partial summary judgment dismissing most of Cascade's claims, but the court denied summary judgment on a relatively minor component of one claim.

To avoid the expense of trial on the one remaining claim, the parties agreed to entry of a $20,000 judgment against Indemnity. The stipulation provided that Cascade retained the right to appeal the partial summary judgment dismissing its principal claims. If the dismissal of those claims was affirmed, Cascade could docket the $20,000 judgment and execute on it. However, if the partial summary judgment were reversed, the parties agreed to expunge the judgment and to try all of Cascade's claims. Cascade then appealed the trial court's partial summary judgment. We *sua sponte* directed the parties to address whether Cascade had waived the right to appellate review by having stipulated to the entry of a conditional judgment.[1]

■

Section 808.03(1), STATS., requires the court of appeals to decide all appeals from final judgments and final orders. A judgment or order is final if it "disposes

---

[1] Courts are obliged "to inquire into their jurisdiction over an action, even if neither party raises the question." *State ex rel. Teaching Assistants Ass'n v. University of Wisconsin-Madison,* 96 Wis. 2d 492, 495, 292 N.W.2d 657, 659 (Ct. App. 1980) (footnote omitted); *see* WIS. CT. APP. IOP IV-A (June 13, 1994).

of the entire matter in litigation as to one or more of the parties." *See id.* This court is not obliged to review orders or judgments which are nonfinal or conditional because to do so would contravene this court's general policy against the piecemeal disposal of litigation.[2] *See State ex rel. A.E. v. Circuit Court for Green Lake County,* 94 Wis. 2d 98, 101, 288 N.W.2d 125, 127 (1980). The policy is designed to protect pretrial and trial court proceedings from the interruptions and delays caused by multiple appeals, and to limit each case to a single appeal, absent compelling circumstances. *See K.W. v. Banas,* 191 Wis. 2d 354, 357, 529 N.W.2d 253, 254 (Ct. App. 1995).

■

This court has previously acknowledged that the ability of a party to preserve the right to appeal by stipulation is questionable. *See Deborah S.S. v. Yogesh N.G.,* 175 Wis. 2d 436, 438 n.2, 499 N.W.2d 272, 273 (Ct. App. 1993). In criminal law, a guilty plea is accepted as a waiver of rights and any condition a defendant seeks to impose upon the plea is a nullity. *See State v. Riekkoff,* 112 Wis. 2d 119, 128, 332 N.W.2d 744, 749 (1983); *Hawkins v. State,* 26 Wis. 2d 443, 446–48, 132 N.W.2d 545, 547–49 (1965). "Thus, once the guilty plea is accepted, as a matter of law the right to appeal the reserved issues is waived." *Riekkoff,* 112

---

[2] This court may, in its discretion, grant interlocutory review in those limited instances when we conclude that the necessity of immediate review outweighs our general policy against the piecemeal disposal of litigation. The petitioner must demonstrate that the issue raised meets one of the criteria of § 808.03(2), STATS., and that there is a substantial likelihood that this court will reverse the trial court's nonfinal order. *See State v. Webb,* 160 Wis. 2d 622, 632, 467 N.W.2d 108, 112, *cert. denied,* 502 U.S. 889 (1991).

Wis. 2d at 128, 332 N.W.2d at 749. We have held that "[t]he rationale for the waiver rule in criminal cases applies equally in civil cases." *County of Racine v. Smith*, 122 Wis. 2d 431, 436–37, 362 N.W.2d 439, 442 (Ct. App. 1984) ("[A] voluntary and understanding guilty or no contest plea in a civil [forfeiture] case constitutes a waiver of the right to appeal . . . .").

Consequently, a party "may waive the right to appeal in civil cases where [that party] has caused or induced a judgment to be entered or has consented or stipulated to the entry of a judgment." *Id.* (citing *Fox v. Kaminsky*, 239 Wis. 559, 567, 2 N.W.2d 199, 202 (1942)); *see Post v. Schwall,* 157 Wis. 2d 652, 657–58, 460 N.W.2d 794, 796 (Ct. App. 1990). A party cannot complain about an act to which he or she deliberately consents. *Smith*, 122 Wis. 2d at 437, 362 N.W.2d at 442. We conclude that Cascade cannot, by stipulating to the entry of a conditional judgment, obtain a mandatory appeal of an interlocutory order.

The judgment before us is conditional as to the claim which the trial court did not dismiss on summary judgment. If we reverse, appellants will be permitted to try their entire case, including the claim which they could have tried previously, but elected not to. After trying the entire case, it is conceivable that the belatedly-tried claim would be appealed. This court would be compelled to review this case twice, when, absent the parties' stipulation to a conditional judgment, one appeal would have sufficed.

If we were to allow parties to stipulate to the entry of a conditional judgment, yet retain the right to appellate review, many litigants would seek to avoid the time and expense of trying cases after unfavorable trial court rulings on significant issues, such as the admis-

sion or exclusion of important evidence or the dismissal of a cause of action from a multiple count complaint. This would allow parties to circumvent the waiver and finality rules, thereby converting discretionary, interlocutory appeals into appeals as a matter of right from "final" orders or judgments.

We cannot sanction such practice. This court cannot continue to function at its current size without adhering to strict principles of appellate review. We do not have the capacity to accommodate mandatory review of all conditional orders and judgments.[3]

*By the Court.*—Appeal dismissed.

---

[3] When this twelve-judge court was created in 1978, it was anticipated that within five years it would reach its capacity of 1200 appeals annually, or 100 opinions per judge. *See* John A. Decker, *Wisconsin Court of Appeals Annual Report* (1979) at 2. However, in 1979, this court's first full year of operation, 1986 appeals were filed, or 165 opinions per judge. *Wisconsin Court of Appeals Annual Statistics* (Jan. 1, 1979 through Dec. 31, 1979). In 1991, 2970 appeals were filed in the fourteen-judge court, or 212 opinions per judge. *Wisconsin Court of Appeals Annual Statistics* (Jan. 1, 1991 through Dec. 31, 1991); *see State v. Webb,* 160 Wis. 2d 622, 641, 467 N.W.2d 108, 116, *cert. denied,* 502 U.S. 889 (1991) (Abrahamson, J., dissenting). In 1996, 3628 cases were filed in the sixteen-judge court, or 227 opinions per judge. *Wisconsin Court of Appeals Annual Statistics* (Jan. 1, 1996 through Dec. 31, 1996). The number of cases filed does not include the petitions, motions and miscellaneous matters which this court must also decide. (In 1996, 324 petitions for leave to appeal, 5643 motions and 931 miscellaneous matters were filed, each requiring disposition by order). *Id.* (*Annual Report* and *Annual Statistics* on file with the Office of the Clerk, Wisconsin Supreme Court and Court of Appeals).