Helena FEDDERS and the Estate of Mark Fedders, by Helena Fedders, Special Administrator, Plaintiffs-Respondents-Cross-Appellants,†

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant-Appellant-Cross-Respondent,

Ryan STEARNS, Defendant,

Richard STEARNS and Susan Stearns, Defendants-Third-Party Plaintiffs-Cross-Appellants,

v.

Raymond PITTS, Third-Party Defendant-Appellant-Cross-Respondent.

Court of Appeals

*No. 99–1526. Submitted on docketing statements September 2, 1999.—Decided September 22, 1999.*

(Also reported in 601 N.W.2d 861.)

†Petition to review denied.

On behalf of the plaintiffs-respondents-cross-appellants Helena Fedders and the Estate of Mark Fedders, by Helena Fedders, Special Administrator, the cause was submitted on the docketing statement of *Chris G. Halverson* of *Schoone, Fortune, Leuck, Kelley & Pitts, S.C.,* of Racine.

On behalf of defendants-third-party plaintiffs-cross-appellants Richard and Susan Stearns, the cause was submitted on the docketing statement of *Lawrence*

*P. Zieger* of *Law Offices of Lawrence P. Zieger* of Milwaukee.

No response was submitted by the defendant-appellant-cross-respondent American Family Mutual Insurance Company and third-party defendant-appellant-cross-respondent Raymond Pitts.

Before Brown, P.J., Nettesheim and Snyder, JJ.

PER CURIAM. In this appeal we must decide whether a party may cross-appeal as of right any interlocutory order in an action once leave to appeal has been granted. We hold that once leave to appeal has been granted, any other interlocutory order is appealable only by leave of this court.. We dismiss the notices of cross-appeal filed in this appeal.

This action was brought by Helena Fedders and the Estate of Mark Fedders against Richard and Susan Stearns and their automobile insurer, American Family Mutual Insurance Company. The Stearns filed a cross-claim against American Family for reformation of the insurance contracts and a third-party complaint against insurance agent Raymond Pitts for negligence in not procuring the requested amount of coverage. By a second amended complaint against American Family and Pitts, Fedders and the Estate seek coverage under the reformed insurance policies. A circuit court order entered June 14, 1999, denied American Family and Pitts' motion to dismiss the second amended complaint. The order also denied a protective order against discovery requests by Fedders and the Estate. On July 26, 1999, leave to appeal the order entered June 14, 1999 was granted to American Family and Pitts. *See* § 808.03(2), STATS.; RULE 809.50, STATS.

Fedders and the Estate, hereinafter referred to as the cross-appellants, filed a notice of cross-appeal purporting to appeal from interlocutory orders entered April 20, 1998, which granted partial summary judgment dismissing claims against American Family on a coverage determination, and August 11, 1999, which dismissed the Stearnses' cross-claim and third-party complaint. The Stearnses also filed a notice of cross-appeal from the same orders.[1] The cross-appellants' docketing statements acknowledge that the orders are nonfinal and set forth a jurisdictional argument to support the cross-appeals.

The cross-appellants contend that under RULE 809.50(3), STATS., once leave to appeal is granted and an appeal is docketed, they acquire the right of a respondent to file a notice of cross-appeal under RULE 809.10(2)(b), STATS., and appeal as of right any other interlocutory order in the litigation. RULE 809.50(3) provides that if leave to appeal is granted, "the procedures for appeals from final judgments are applicable to further proceedings in the appeal, except that the entry of the order granting leave to appeal has the effect of the filing of the notice of appeal." RULE 809.10(2)(b) provides:

> A respondent who seeks a modification of the judgment or order appealed from or of another judgment

---

[1] The Stearnses belatedly assert that they are respondents to the appeal because their interests are adverse to the appellants' interests with respect to the order denying the motion to dismiss the second amended complaint. The Stearnses did not assert any interest or respond to the petition for leave to appeal. Because they maintain their own cause of action against the appellants, they are not respondents to this appeal. We will, however, refer to them as cross-appellants.

or order entered in the same action or proceeding shall file a notice of cross-appeal within the period established by law for the filing of a notice of appeal, or 30 days after the filing of a notice of appeal, whichever is later. A cross-appellant has the same rights and obligations as an appellant under this chapter.

We acknowledge that because the entry of the order granting leave to appeal has the effect of the filing of a notice of appeal, RULE 809.10(2)(b), STATS., can be read to permit a respondent to cross-appeal as a matter of right by filing a notice within thirty days of the order. However, a reading of the rules applicable to the jurisdiction of this court commands a different result.

The jurisdiction of this court is defined by § 808.03, STATS., which provides for appeals to the court of appeals as of right and by permission. An appeal as of right may only be taken from a final judgment or order. *See* § 808.03(1). "The final judgment-final order rule is designed to prohibit piecemeal disposal of litigation and thus plays an important role in the movement of cases through the judicial system." *State ex rel. A. E. v. Circuit Court for Green Lake County*, 94 Wis. 2d 98, 101, 288 N.W.2d 125, 127, *reconsidered on other grounds*, 94 Wis. 2d 105a, 292 N.W.2d 114 (1980) (per curiam).

RULE 809.10, STATS., sets forth the procedure for initiating an appeal as of right. Subsections (2), (3) and (4) of the rule describe the jurisdictional parameters when an appeal as of right exists. While RULE 809.10(2)(b) permits a respondent to seek modification of any other order or judgment in the action by way of cross-appeal, it is a consequence that flows from having

an appeal as of right. RULE 809.10 is specific to appeals as of right.

In contrast, RULE 809.50(1), STATS., provides that when litigation has not fully terminated by entry of a final judgment or order and a judgment or order is therefore not appealable as of right, leave of the court must be sought to commence an interlocutory appeal. RULE 809.50 is specific to judgments or orders not appealable as of right. RULE 809.50(3) does not have the effect of turning the interlocutory judgment or order on which leave to appeal is granted into a final judgment or order from which the respondent may cross-appeal as a matter of right. The provisions of § 808.03, STATS., continue to control the jurisdiction of this court. Therefore, once leave to appeal is granted, a cross-appeal from the same interlocutory order or judgment or any other interlocutory order or judgment in the action requires a petition for leave to appeal.[2] The jurisdictional posture in *State v. Lee*, 197 Wis. 2d 959, 961–62, 542 N.W.2d 143, 143–44 (1996), illustrates the application of our holding.

Our conclusion is consistent with this court's discretion to permit an interlocutory appeal. The 1978 Judicial Council Committee's Note to RULE 809.50,

---

[2] When leave to appeal is granted, a respondent need not seek leave to cross-appeal the same order or judgment "when all that is sought is the raising of an error which, if corrected, would sustain" the order or judgment. *State v. Alles*, 106 Wis. 2d 368, 390, 316 N.W.2d 378, 388 (1982). Should a petition for leave to cross-appeal be necessary, under RULE 809.50(1), STATS., the petition must be filed within ten days of entry of the order or judgment. The time for filing a petition for leave to appeal may be extended upon good cause. *See* RULE 809.82(2)(a), STATS.

STATS., explains that "Section 808.03(1)[, STATS.,] makes only final judgments and final orders appealable as of right. All other judgments and orders are appealable only in the discretion of the court." Our supreme court has stated that the procedure for allowing interlocutory appeals "envisions the court of appeals looking at the equities of each individual case to determine whether the aggrieved party should be allowed to obtain appellate review of a non-final order." *State v. Jenich*, 94 Wis. 2d 74, 82, 288 N.W.2d 114, 117, *reconsidered on other grounds*, 94 Wis. 2d 97a, 292 N.W.2d 348 (1980) (per curiam). Leave to appeal is granted only "in those limited instances when we conclude that the necessity of immediate review outweighs our general policy against piecemeal disposal of litigation." *Cascade Mountain, Inc. v. Capitol Indem. Corp.*, 212 Wis. 2d 265, 268 n.2, 569 N.W.2d 45, 46 (Ct. App.), *review denied*, 212 Wis. 2d 689, 569 N.W.2d 590 (1997).

This court exercises its discretion under the standards identified in § 808.03(2), STATS. *See Cascade Mountain*, 212 Wis. 2d at 268 n.2, 569 N.W.2d at 46. The petition for leave to appeal is required to state the issues for potential review. *See* RULE 809.50(1)(a), STATS. It is on that statement that this court relies in determining if the standards of § 808.03(2) are satisfied. Indeed, to the extent necessary to achieve justice in the individual case, we may limit the issues on which an interlocutory appeal is granted. The exercise of our discretion to grant leave to appeal would be severely hampered by the cross-appellants' notion that once leave to appeal is granted, any party to the litigation could raise by cross-appeal any issue. Each petition would be obfuscated by the peril that the appeal would be complicated by review of every prior order in the action. Moreover, this court should not be required to

review unrelated interlocutory orders that do not satisfy the criteria in § 808.03(2).[3] *See Cascade Mountain*, 212 Wis. 2d at 268, 569 N.W.2d at 46 ("This court is not obliged to review orders or judgments which are nonfinal or conditional because to do so would contravene this court's general policy against piecemeal disposal of litigation.").

We acknowledge the statement in *State v. Alles*, 106 Wis. 2d 368, 316 N.W.2d 378 (1982), suggesting that a cross-appeal may be filed after leave to appeal is granted. In *Alles*, the court said: "Once the appellant has been granted an appeal, either on the basis of right or in the court's discretion, the respondent who was formerly required to bring a notice of review may now utilize the cross-appeal procedure and have nonfinal orders reviewed." *Id.* at 388, 316 N.W.2d at 387. This statement was repeated in *Johnson v. Pearson Agri-Systems, Inc.*, 119 Wis. 2d 766, 782–83, 350 N.W.2d 127, 135 (1984). Neither *Alles* nor *Johnson* involved an interlocutory appeal brought under RULE 809.50, STATS. The reference to an appeal in the court's discretion refers to the supreme court's discretion to grant a petition for review. *See* RULE 809.62, STATS. *Alles* does

---

[3] This case illustrates the need to limit the issues on review to those presented in the petition for leave to appeal. Here the cross-appellants seek review of an order entered after leave to appeal was granted. If this were an appeal from a final judgment, there could be no review by cross-appeal of judgments or orders entered after the notice of appeal was filed. *See Chicago & N. W. R.R. v. LIRC*, 91 Wis. 2d 462, 473, 283 N.W.2d 603, 609 (Ct. App. 1979), *aff'd*, 98 Wis. 2d 592, 297 N.W.2d 819 (1980).

not limit this court's discretion in deciding whether to grant review of interlocutory orders.[4]

The cross-appellants also suggest that they may obtain review as of right of the prior interlocutory order under RULE 809.10(4), STATS. RULE 809.10(4) states that an appeal from a final judgment brings before the court all prior nonfinal judgments "adverse to the appellant and favorable to the respondent."[5] By its own terms, RULE 809.10(4) only applies when there is an appeal from a final judgment. The rule does not operate when an interlocutory appeal is granted.

We conclude that the notices of cross-appeal are invalid to require review of the orders referenced. The cross-appellants request that should any part of the cross-appeal be determined to not be an appeal as of right that leave to appeal be granted. We deny leave to appeal the April 20, 1998 order because the time for seeking an appeal by permission from that order has long passed.[6]

---

[4] Only in the rarest circumstance has this court's discretion under § 808.03(2), STATS., been limited. *See Arneson v. Jezwinski*, 206 Wis. 2d 217, 229, 556 N.W.2d 721, 726 (1996).

[5] Because the cross-appeals are dismissed, the cross-appellants are respondents with respect to the application of RULE 809.10(4), STATS. Neither of the orders which the respondents seek to have reviewed is a ruling adverse to the appellants and favorable to the respondents in this action.

[6] A notice of appeal was timely filed after entry of the April 20, 1998 order. The appeal was dismissed as taken from a nonfinal order. Our order noted that the coverage issue may be reviewed in an appeal from a final judgment. The litigation has taken a new direction since the coverage determination.

■
As to the August 11, 1999 order, we also deny leave to appeal. The cross-appellants have not advanced why the criteria in § 808.03(2), STATS., would be met by granting leave to appeal. They only say that there are trial court errors and inconsistencies. This is an insufficient basis for granting leave to appeal, especially when the entire litigation may be terminated as to American Family and Pitts if those parties are successful in this appeal.

*By the Court.*—Cross-appeals dismissed.