STATE of Wisconsin, Plaintiff-Respondent,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
Intervenor-Defendant-Appellant.

Court of Appeals

*No. 03–2295. Submitted on briefs January 20, 2004.—Decided
January 13, 2005.*

2005 WI App 23

(Also reported in 693 N.W.2d 79.)

On behalf of the intervenor-defendant-appellant, the cause was submitted on the briefs of *David J. Pliner* of *Corneille Law Group, L.L.C.*, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Charlotte Gibson*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Dykman, Lundsten and Higginbotham, JJ.

¶ 1. LUNDSTEN, J.   The question raised by this appeal is whether a standard homeowner's insurance

policy, issued to a landowner by American Family Insurance Company, provides coverage for costs incurred by the State of Wisconsin in suppressing a forest fire that started on the owner's land. We conclude that American Family's policy provides coverage.

## Background

¶ 2. The State initially filed this action against landowner Keith Gouwens, alleging that he was responsible for fire suppression costs arising out of a 678–acre fire that broke out on his property. There is no dispute for purposes of this appeal that Gouwens is legally responsible to the State for fire suppression costs under Wis. Stat. § 26.14 (2001–02).[1] Section 26.14(9)(b) reads:

> (b) Any person who sets a fire on any land and allows such fire to escape and become a forest fire shall be liable for all expenses incurred in the suppression of the fire by the state or town in which the fire occurred.

¶ 3. American Family, Gouwens' homeowner's insurance carrier, intervened and immediately asked to be dismissed as a party. American Family requested a ruling from the circuit court that American Family had no duty to defend or indemnify Gouwens because the State's fire suppression costs were not covered under Gouwens' homeowner's insurance policy.

¶ 4. The policy language at issue is the following:

> **Property damage** means physical damage to or destruction of tangible property, including loss of use of this property. Loss of use of tangible property does not include any resulting loss of value of such damaged property.

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

. . . .

> We will pay, up to **our limit**, compensatory dam-
> ages for which any **insured** is legally liable because of
> **bodily injury** or **property damage** caused by an
> **occurrence** covered by this policy.

¶ 5.  The circuit court denied American Family's
request to be dismissed. The court concluded that
Gouwens' policy provided coverage for the State's fire
suppression costs. The parties subsequently requested
and received a final order after stipulating to dispose of
other issues in this action, thereby permitting Ameri-
can Family to appeal and challenge the circuit court's
decision on coverage.[2]

### Discussion

■■■■

¶ 6.  The interpretation of an insurance policy is a
question of law that we review *de novo. Danbeck v.
American Family Mut. Ins. Co.*, 2001 WI 91, ¶ 10, 245
Wis. 2d 186, 629 N.W.2d 150. We first determine
whether the policy language is ambiguous. *State Farm
Mut. Auto. Ins. Co. v. Langridge*, 2004 WI 113, ¶ 41,
275 Wis. 2d 35, 683 N.W.2d 75. Insurance policy lan-
guage is ambiguous if it is susceptible to more than one
reasonable interpretation. *Folkman v. Quamme*, 2003

---

[2] After American Family filed its appeal, we requested
memoranda from the parties on whether a stipulation and order
that precludes further proceedings in the circuit court falls
outside the ambit of *Cascade Mountain, Inc. v. Capitol Indem-
nity Corp.*, 212 Wis. 2d 265, 569 N.W.2d 45 (Ct. App. 1997), and
is appealable as a matter of right. Upon review of the parties'
responses to our request, we concluded in a November 3, 2003
order that the circuit court's order incorporating the parties'
stipulation was final and appealable as a matter of right.

WI 116, ¶ 13, 264 Wis. 2d 617, 665 N.W.2d 857. "If terms in an insurance policy are ambiguous, they should be construed against the insurance company that drafted the policy." *Frost v. Whitbeck*, 2002 WI 129, ¶ 19, 257 Wis. 2d 80, 654 N.W.2d 225. Thus, ambiguous terms are to be construed in favor of coverage. *Id.*

¶ 7.   The American Family homeowner's policy contains the following language:

> **Property damage** means physical damage to or destruction of tangible property, including loss of use of this property. Loss of use of tangible property does not include any resulting loss of value of such damaged property.
>
>    . . . .
>
> **We** will pay, up to **our limit**, compensatory damages for which any **insured** is legally liable because of **bodily injury** or **property damage** caused by an **occurrence** covered by this policy.

¶ 8.   The question here is whether the fire suppression costs that were incurred by the State and for which Gouwens is liable are "compensatory damages . . . because of . . . property damage caused by an occurrence covered by this policy." We conclude that this language is ambiguous as applied to the fire suppression costs in this case because there are two competing reasonable interpretations of the policy language.

¶ 9.   The State proffers one reasonable interpretation. Under this interpretation, the suppression costs are "damages for which [Gouwens] is legally liable because of . . . property damage." Under this view, the ongoing fire damage necessitated and, therefore, caused the State's fire suppression activity.[3]

---

[3] Courts in other jurisdictions construing the same or

¶ 10.    American Family presents an alternative reasonable interpretation.[4] American Family starts by pointing out that the policy defines "property damage" as "physical damage to or destruction of tangible property." According to American Family, the "property damage" in this case is limited to the damage *caused by* the fire, and does not include the damage-causing agent. That is, "physical damage to or destruction of tangible property" does not refer to the fire itself. Under American Family's interpretation, the fire suppression costs were therefore not incurred "because of . . . property damage" caused by the fire, but instead because of the fire itself.

¶ 11.    American Family argues, in effect, that the State's interpretation is unreasonable because it depends on an unreasonably broad definition of "because of." In American Family's view, "because of" must more narrowly mean "caused by." Thus, under American Family's interpretation of the policy, the "property damage" (i.e., burned material) did not cause the "compensatory damages" (i.e., the fire suppression costs). We conclude, however, that "because of" can reasonably be read as having the broader meaning advanced by the State.

similar policy language agree with the State's interpretation. *See A.Y. McDonald Indus., Inc. v. Insurance Co. of N. Am.*, 475 N.W.2d 607, 623, 624 (Iowa 1991) ("damages" in a general liability policy includes costs of measures taken to prevent or halt damages); *see also Globe Indem. Co. v. People*, 118 Cal. Rptr. 75, 77, 79–80 (Ct. App. 1974); *American Econ. Ins. Co. v. Commons*, 552 P.2d 612, 613 (Or. Ct. App. 1976).

[4] As an additional argument, American Family asserts that Wis. Stat. § 26.14(9) controls the definitions of "compensatory damages" and "property damage" in the policy. However, American Family offers no persuasive reason for us to conclude that the legislature intended § 26.14(9) to regulate or otherwise affect the definition of damages in homeowners' insurance policies such as the one we examine here.

¶ 12.   Moreover, it is apparent that the insurance policy drafter knew how to utilize the narrower concept of "caused by" when he or she wanted to. The provision at issue in this case reads in full:   "**We** will pay, up to **our limit**, compensatory damages for which any **insured** is legally liable *because of* **bodily injury** or **property damage** *caused by* an **occurrence** covered by this policy." (Italics added.) If the terms were synonymous, there would be no reason to use these different terms in the same policy sentence. *Cf. Dieter v. Chrysler Corp.*, 2000 WI 45, ¶ 16, 234 Wis. 2d 670, 610 N.W.2d 832 (quoting a warranty that includes the "costs of any repairs or adjustments that might be *caused by or needed because of*" certain actions (emphasis altered)).

¶ 13.   Although we do not rely on the reasonable expectations of the insured here, we observe that the State's interpretation of the policy is consistent with an insured's reasonable expectations. As a California court observed:

> When an insured takes out an indemnity policy, as in this case, it is more reasonable to suppose that he expects to be protected by his insurance in any situation wherein he becomes liable for damage to tangible property. It would seem strangely incongruous to him, as it does to us, that his policy would cover him for damages to tangible property destroyed through his negligence in allowing a fire to escape but not for the sums incurred in mitigating such damages by suppressing the fire.

*Globe Indem. Co. v. People*, 118 Cal. Rptr. 75, 79 (Ct. App. 1974).[5]

---

[5] A recent supreme court decision appears to endorse an approach in which courts consider the reasonable expectations

¶ 14. Having determined that there is more than one reasonable interpretation of the policy, we conclude that the applicable terms of the policy are ambiguous and must be construed against the insurer and in favor of coverage. *See Frost*, 257 Wis. 2d 80, ¶ 19. Accordingly, coverage exists under Gouwens' policy for the State's fire suppression costs.

¶ 15. Because we affirm the circuit court's coverage determination and because the circuit court's order dated July 16, 2003, entered pursuant to the parties' stipulation, contains directions as to what must occur with respect to payment, remand is unnecessary.

*By the Court.*—Order affirmed.

of the insured in determining whether policy language is ambiguous. *See State Farm Mut. Auto. Ins. Co. v. Langridge*, 2004 WI 113, ¶¶ 46–49, 54, 275 Wis. 2d 35, 683 N.W.2d 75.