Arthur D. DYER,
Plaintiff-Appellant,

v.

Paul LAW,
Defendant-Respondent.

Court of Appeals

*No. 2006AP2957. Submitted on Jurisdiction Memorandum
March 27, 2007.—Decided April 11, 2007.*

2007 WI App 137

(Also reported in 733 N.W.2d 328.)

On behalf of the plaintiff-appellant, the cause was submitted on the memorandum of *Richard A. Frederick* of *Richard A. Frederick Law Office*, Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the memoranda of *Anthony A. Coletti* of *Godfrey, Leibsle, Blackbourn & Howarth, S.C.*, Elkhorn.

Before Snyder, P.J., Brown and Anderson, JJ.

¶ 1. PER CURIAM. In *Cascade Mountain, Inc. v. Capitol Indemnity Corp.*, 212 Wis. 2d 265, 269–70, 569 N.W.2d 45 (Ct. App. 1997), we dismissed an appeal taken from a conditional judgment of dismissal entered on the parties' stipulation after the circuit court dismissed two of three of the appellant's claims. Here the circuit court dismissed all but one cause of action and the parties stipulated to dismissal of the remaining cause of action without prejudice and with the option to refile the cause of action within sixty days of the conclusion of this appeal. We required the parties to submit memoranda addressing the holding of *Cascade Mountain* as applied to their stipulation. We conclude that the order appealed from is not a final order within the meaning of WIS. STAT. § 808.03(1) (2005–06),[1] and the appeal must be dismissed.

¶ 2. Arthur D. Dyer commenced this action against Paul Law alleging five causes of action. Four causes of action pertain to Law's alleged breach of a real property exchange agreement and a related settlement

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

agreement. The third cause of action in the complaint seeks declaratory relief with respect to Dyer's right of first refusal on a contiguous parcel of real property retained by Law. On Law's motion for summary judgment, the circuit court entered an order dismissing all but the third cause of action. The parties then entered into a stipulation that the third cause of action be dismissed without prejudice.

¶ 3. The stipulation provides that Dyer "may refile such Third Cause of Action prior to sixty (60) days after the Court of Appeals issues its decision (or the Supreme Court if either party appeals the decision of the Court of Appeals) but not before such decision is issued ("Refiling Date") in the appeal contemplated by [Dyer]" from the order dismissing Dyer's other causes of action. The stipulation further provides that Law "agrees that the statute of limitations applicable to [Dyer's] Third Cause of Action shall be tolled until the Refiling Date and . . . that [Law] may not raise any other objection to [Dyer's] refiling of such Third Cause of Action on any other grounds." The stipulation indicates that refiling may be by amended pleadings in this case. The final paragraph of the stipulation provides that by dismissing the third cause of action, the circuit court's decision dismissing all other causes of action shall be a final, appealable order. The circuit court entered an order with the exact same provisions as the parties' stipulation. Dyer appeals and challenges the circuit court's partial summary judgment.

¶ 4. WISCONSIN STAT. § 808.03(1) allows an appeal from a final judgment or order; a judgment or order is final when it "disposes of the entire matter in litigation as to one or more of the parties." *Id.* Recognizing that a party may waive the right to appeal in a civil case where that party has consented or stipulated to the entry of

209

judgment, we held in *Cascade Mountain*, 212 Wis. 2d at 269, that by stipulating to the entry of a conditional judgment a party could not obtain a mandatory appeal of a nonfinal order.

> If we were to allow parties to stipulate to the entry of a conditional judgment, yet retain the right to appellate review, many litigants would seek to avoid the time and expense of trying cases after unfavorable trial court rulings on significant issues, such as the admission or exclusion of important evidence or the dismissal of a cause of action from a multiple count complaint. This would allow parties to circumvent the waiver and finality rules, thereby converting discretionary, interlocutory appeals into appeals as a matter of right from "final" orders or judgments.

*Cascade Mountain*, 212 Wis. 2d at 269–70.

¶ 5. *Cascade Mountain* was applied in *Gallagher v. Grant-Lafayette Electric Cooperative*, 2001 WI App 276, 249 Wis. 2d 115, 637 N.W.2d 80. In *Gallagher* the circuit court ruled against the Gallaghers on certain critical motions in limine. *Id.*, ¶ 7. Based on those rulings, the Gallaghers concluded that they could not prevail at trial on certain of their claims so they stipulated to an order dismissing those claims with prejudice. *Id.*, ¶ 8. They also stipulated to the dismissal of other claims without prejudice, agreeing that if they obtained a reversal on appeal of the first set of claims, the additional claims would be revived as well. *Id.* We concluded that the order resulting from the parties' conditional stipulation was not a final order within the meaning of WIS. STAT. § 808.03(1). *Id.*, ¶ 12. We confirmed appellate jurisdiction in a subsequent appeal taken after dismissal of the remaining claims with prejudice and with no stipulation permitting the Gallaghers to reinstate those claims. *Id.*

¶ 6. The stipulation in this case does exactly what *Cascade Mountain* proscribes; it converts a nonfinal, nonappealable order into a final, appealable order. Dyer argues this is not a *Cascade Mountain* case because the stipulation is not conditioned on the outcome of the appeal.[2] Law states that it is his hope and expectation

---

[2] Dyer also suggests that unlike *Cascade Mountain, Inc. v. Capitol Indemnity Corp.*, 212 Wis. 2d 265, 569 N.W.2d 45 (Ct. App. 1997), the stipulation does not come on the heels of a denial of a petition for interlocutory appeal, *see id.* at 269, Appellants' Brief at 5–6, http://libcd.law.wisc.edu/~wb/will0057/16ea.pdf, and lacks the obvious intent to convert the nonfinal order into a final, appealable order. That Cascade Mountain's petition for leave to appeal the nonfinal order granting partial summary judgment was denied had no bearing on the dismissal of the appeal and was not even mentioned in this court's opinion.

Here, the stipulation and order provides that the circuit court's order granting partial summary judgment is a final, appealable order. We do not infer intent to circumvent the finality rules from that provision since circuit courts have been urged to include a statement in the final order or judgment that it is the final document for purposes of appeal. *See Harder v. Pfitzinger*, 2004 WI 102, ¶ 18, 274 Wis. 2d 324, 682 N.W.2d 398. Indeed, commencing September 1, 2007, circuit courts must include a statement on the face of a final judgment or order that it is final for the purpose of appeal. *Wambolt v. West Bend Mutual Ins. Co.*, 2007 WI 35, ¶ 4, No. 2005AP1874. Further, the circuit court's statement that the order is final and appealable as of right is not conclusive if the order does not actually dispose of the entire matter in litigation. *See id.*, ¶ 46 n.19.

We accept that neither party here had intent to circumvent the finality rules or manipulate the rules of appellate procedure. However, appellate jurisdiction cannot be based on an assessment of the parties' intent, good or bad. *Cf. Lassa v. Rongstad*, 2006 WI 105, ¶ 34, 294 Wis. 2d 187, 718 N.W.2d 673, *reconsideration denied*, 2006 WI 126, 297 Wis. 2d 325, 724 N.W.2d 207 (WI Oct. 3, 2006) (No. 2004AP377), *cert. denied*, 75 U.S.L.W 3602 (U.S. May 14, 2007) (No.06–1084) (consent of the parties

that Dyer will not refile his claim for declaratory relief on the right of first refusal. Dyer suggests that upon his decision to voluntarily dismiss that claim, he might never bring it again.

¶ 7. The parties' stipulation in *Cascade Mountain* provided that upon a successful appeal, the $20,000 judgment would be expunged and a trial would proceed on all claims. *Id.*, 212 Wis. 2d at 267. The offending stipulated judgment in *Gallagher* was also tied to the outcome of the appeal. Although we referred to the judgment or stipulation in those cases as "conditional," it was not for the purpose of differentiating a "conditional" judgment from other judgments. By holding that a conditional judgment was not appealable, *Cascade Mountain* and *Gallagher* did not determine that all non-conditional or unconditional stipulated judgments are appealable. Rather the focus in both cases is that by its terms the stipulated judgment turned a nonfinal, nonappealable judgment into a final, appealable judgment without truly bringing finality to the action. *See Recycle Worlds Consulting Corp. v. Wisconsin Bell*, 224 Wis. 2d 586, 593, 592 N.W.2d 637 (Ct. App. 1999) (stating the general rule from *Cascade Mountain* without limiting it to conditional judgments).

¶ 8. We turn to consider whether the terms of the stipulated order in this case bring finality to the action. On that inquiry, the parties' stipulation is on worse footing than the stipulation in *Cascade Mountain*. Here Dyer retains the right to refile his cause of action for declaratory relief on the right of first refusal regardless

---

cannot confer jurisdiction where none exists); *First Wis. Nat'l Bank of Madison v. Nicholaou*, 87 Wis. 2d 360, 363–64, 274 N.W.2d 704 (1979) (appellate jurisdiction cannot be conferred by a party's good faith belief that all necessary jurisdictional documents have been filed).

of the outcome of the appeal.[3] The statute of limitations on the claim is tolled for that purpose. By an amended pleading filed within sixty days of the completion of the appeal, Dyer can compel further litigation in this case. In *Lassa v. Rongstad*, 2006 WI 105, ¶ 35 n.12, 294 Wis. 2d 187, 718 N.W.2d 673, *reconsideration denied*, 2006 WI 126, 297 Wis. 2d 325, 724 N.W.2d 207 (No. 2004AP377), *cert. denied*, 75 U.S.L.W 3602 (U.S. May 14, 2007) (No. 06–1084), the court recognized that finality is achieved where the settlement agreement and judgment are structured such that regardless of who prevails on appeal, no further litigation will ensue between the parties in the case.[4] That is not true here where Dyer has the opportunity to revive a cause of action after the appeal. The possibility that the case will generate a second appeal runs afoul of the requirement that an appeal be taken only from a final order or judgment that terminates the entire matter in litigation between the parties. *See Cascade Mountain*, 212 Wis. 2d at 267–268; *K.W. v. Banas*, 191 Wis. 2d 354, 357, 529 N.W.2d 253 (Ct. App. 1995) (one of the purposes of the finality rule is to reduce the burden on the Court of Appeals by limiting the number of appeals to one appeal per case).

¶ 9. Dyer requests that in the event the appeal is dismissed, we remand for lack of jurisdiction. He seeks to avoid a declaration that he has waived his right to

---

[3] At least in *Cascade Mountain*, if the appeal was unsuccessful the litigation was terminated.

[4] Thus, parties are not foreclosed from stipulating to or voluntarily dismissing certain claims that they no longer want to pursue in the pending action. We need not decide whether such a dismissal must be made with prejudice. If dismissed claims are restated in another lawsuit, possible defenses would be litigated in that case.

appeal so as to prevent Law from arguing that there can be no subsequent appeal.[5] The *Cascade Mountain* court defined the issue as whether Cascade Mountain waived the right to appeal by stipulating to the entry of a conditional judgment and concluded that it had. *Id.*, 212 Wis. 2d at 266–267. However, the *Gallagher* court took care to characterize the dismissal for the reason that the order appealed from was not final. *Id.*, 249 Wis. 2d 115, ¶ 12. The door was left open for the parties to obtain a final order or judgment and bring a new appeal. We dismiss here because the order appealed from is not final and appealable as of right. We lack authority to remand for any particular proceeding. *See K.W.*, 191 Wis. 2d at 357 (appellate court has no jurisdiction to do anything other than dismiss the appeal when an appeal is not within the terms of statutory authorization).

*By the Court.*—Appeal dismissed.

■

[5] In *Gallagher v. Grant-L afayette Electric Cooperative*, 2001 WI App 276, ¶ 11, 249 Wis. 2d 115, 637 N.W.2d 80, the respondents argued that dismissal of the first appeal based on the waiver of the right to appeal was law of the case and precluded review of the dismissal of the first set of claims. Law's jurisdictional memorandum pointedly states that this court has discretion to dismiss the appeal *with prejudice.* This court is unaware of any case in which dismissal of an appeal has been designated as *with prejudice.*