Deanna BROWN,
Plaintiff-Appellant,

U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,
United Healthcare Insurance Company and State
Farm Mutual Automobile Insurance Company,
Involuntary-Plaintiffs,

v.

Michael KUESTER, Defendant-Respondent,

TOKIO MARINE & NICHIDO FIRE INSURANCE CO., LTD.,
Defendant-Respondent-Cross-Appellant.

Cynthia EULENBACH and Wayne Eulenbach,
Plaintiffs-Appellants-Cross-Respondents,

TRICARE A U.S. GOVERNMENT DESIGNEE and State
Farm Mutual Automobile Insurance Company,
Involuntary-Plaintiffs,

v.

Michael KUESTER, Defendant-Respondent,

TOKIO MARINE & NICHIDO FIRE INSURANCE CO., LTD.,
Defendant-Respondent-Cross-Appellant.

Court of Appeals

*No. 2011AP454. Submitted on memoranda June 9, 2011.
—Decided July 27, 2011.*

2011 WI App 120

(Also reported in 803 N.W.2d 92.)

71

On behalf of the plaintiffs-appellants-cross-respondents, the cause was submitted on the memorandum of *Robert I. DuMez* of *O'Connor, DuMez, Alia & McTernan, S.C.*, Kenosha.

On behalf of the defendant-respondent-cross-appellant, the cause was submitted on the memorandum of *Jeffrey S. Fertl* and *Melissa J. Lauritch* of *Hinshaw & Culbertson LLP*, Milwaukee.

Before Brown, C.J., Neubauer, P.J., and Reilly, J.

¶ 1. PER CURIAM. The circuit court determined on motions for summary judgment that Tokio Marine & Nichido Fire Insurance Co., Ltd., affords coverage for the damages incurred by Deanna Brown, Cynthia Eulenbach and Wayne Eulenbach (collectively, the appellants) as a result of a car accident and that Tokio Marine's limit of liability is $50,000. The parties stipulated that Tokio Marine would be dismissed from the action upon payment into court of $50,000. The order dismissing Tokio Marine recites that if the appellants are successful on appeal, Tokio Marine does not waive its rights to contest the amount of negligence attributable to the driver of its insured vehicle and the nature and amount of actual damages sustained by the appellants. It also recites that the parties do not waive the right to seek appellate review of the circuit court's coverage determination. Because of those recitals, this court required the parties to file memoranda addressing whether a conditional judgment was entered which is not final for the purposes of appeal or the right to appeal is waived by the stipulation to dismissal. *See Cascade Mountain, Inc. v. Capitol Indem. Corp.*, 212 Wis. 2d 265, 269–70, 569 N.W.2d 45 (Ct. App. 1997) (appeal dismissed because the parties cannot, by stipulating to the entry of a conditional judgment, obtain a mandatory appeal of an interlocutory order); *Post v. Schwall*, 157 Wis. 2d 652, 657, 460 N.W.2d 794 (Ct. App. 1990) ("One may waive the right to appeal where he [or she] has caused or induced a judgment to be entered or

has consented or stipulated to the entry of a judgment."). The parties agree that appellate jurisdiction exists because the parties have litigated all that is necessary to permit Tokio Marine's dismissal from the action. We agree and confirm appellate jurisdiction.

¶ 2. Michael Kuester was driving a leased vehicle when he was involved in an accident with the vehicle driven by Brown and in which Cynthia Eulenbach was a passenger. Kuester did not have insurance. Tokio Marine insures Nissan Motor Acceptance Corporation, which serviced Kuester's motor vehicle lease.[1] The appellants moved for partial summary judgment declaring that Tokio Marine provides coverage for damages up to $5 million. Tokio Marine moved for summary judgment that it owed no coverage for the appellants' damages. The circuit court declared that the maximum amount of Tokio Marine's coverage was $25,000 per person/$50,000 per occurrence. The appellants appeal and Tokio Marine cross-appeals the circuit court's ruling.[2]

---

[1] Tokio Marine's insured, Nissan Motor Acceptance Corporation, is not a party to this action.

[2] The circuit court's decision and order regarding coverage declares that it is "the final document for purposes of appeal." However, the decision merely declared that coverage exists and the maximum of Tokio Marine's liability. It does not include sufficient dispositive language and leaves unresolved the amount due to injured or subrogated persons. The statement that the decision was final for purposes of appeal is not controlling when the order does not actually dispose of the entire matter in litigation as required by Wis. Stat. § 808.03(1). See Wambolt v. West Bend Mut. Ins. Co., 2007 WI 35, ¶ 46 n.19, 299 Wis. 2d 723, 728 N.W.2d 670. The notice of appeal and cross-appeal properly identify that the appeal is taken from the order of dismissal entered subsequent to the decision on the summary judgment motions.

¶ 3.   Following the coverage determination, Tokio Marine moved to be dismissed from the action upon payment into court its $50,000 policy limits. The appellants objected to Tokio Marine's dismissal unless Tokio Marine was willing to stipulate to liability and that the appellants' damages exceed the declared policy limit. The parties subsequently stipulated to Tokio Marine's dismissal from the action. The stipulation recites:

> Whereas Tokio Marine & Nichido Fire Insurance Company desire to pay what the court has determined are its applicable policy limits of $50,000 . . . into court, and then be dismissed from the case, provided it can do so without waiving any right to contest the liability and damages issues at a later date, should the above-referenced decision of the circuit court as to coverage and/or policy limits be reversed or modified on appeal; and
>
> Whereas the plaintiffs . . . have no objection to Tokio Marine's payment into court, of what the court has determined are its applicable policy limits, provided that they do not thereby waive any rights to appeal any portion of the above-referenced decision as to coverage and policy limits . . . .

The stipulation then states the parties' agreement that Kuester's negligence was a substantial factor in causing the accident and the appellants' damages, that Kuester is liable to the appellants in an amount in excess of $50,000 and that by entering into the stipulation Tokio Marine is not waiving any rights relating to its position that it provides no coverage to Kuester. Paragraph eight of the recitals provides:

> In the event plaintiff is successful on appeal, Tokio Marine & Nichido Fire Insurance Company is not waiving its right to contest the amount of any negligence attributable to Mr. Kuester and/or the plaintiffs

or the nature and amount of any damages sustained by the plaintiffs.

¶ 4. The stipulation appears to reserve for later litigation something that could be litigated now—the negligence of the parties to the accident and the appellants' actual damages. In *Cascade Mountain*, 212 Wis. 2d at 266, 269–70, we dismissed an appeal taken from a conditional judgment of dismissal entered on the parties' stipulation after the circuit court dismissed two of three of the appellant's claims. There, the stipulation provided that Cascade Mountain retained the right to appeal the partial summary judgment dismissing its principal claims but if the partial summary judgment were reversed, the parties agreed to expunge the agreed upon $20,000 judgment and to try all of Cascade Mountain's claims. *Id.* at 267. In *Gallagher v. Grant-Lafayette Elec. Coop.*, 2001 WI App 276, ¶ 8, 249 Wis. 2d 115, 637 N.W.2d 80, the circuit court disposed of one of the plaintiffs' claims, and the parties stipulated to dismissal of the plaintiffs' other claims with a proviso that the latter claims could be revived if the court of appeals reversed the circuit court's dismissal. The appeal was dismissed because of the possible revival of claims that the parties chose not to litigate prior to the appeal. *Id.*, ¶ 9. Similarly, in *Dyer v. Law*, 2007 WI App 137, ¶¶ 3, 9, 302 Wis. 2d 207, 733 N.W.2d 328, a stipulation which dismissed an unresolved third cause of action with the right to refile it sixty days after an appeal was concluded was determined to be a nonfinal order and not appealable as of right because it invited further litigation after appeal. In these cases the concern was manipulation of the right to appeal by entry of a stipulated judgment which turned a nonfinal, nonappealable judgment into a final, appealable judgment without truly bringing finality to the action. *Id.*, ¶ 7.

¶ 5. *Cascade Mountain*, *Gallagher* and *Dyer* involved separate claims not resolved by an earlier ruling which the plaintiffs elected to forego so as to avoid further litigation before an appeal of the dismissal of their primary claims. This case does not present like circumstances because there are no unresolved separate claims that the parties have simply put off until after appeal or that can simply be revived after appeal. Under the current ruling, Tokio Marine only owes $50,000 and has paid that sum. Because a trial on Tokio Marine's obligation would only result in a judgment for $50,000, an amount Tokio Marine concedes it owes under the circuit court's coverage determination, the only claim to be litigated was fully resolved. The stipulation premised on the correctness of the coverage determination does not preclude a redetermination of the financial obligations of Tokio Marine under a different coverage determination.

¶ 6. Where an action involves competing motions to establish the outer limits of an insurer's liability and the value of the claims exceed the declared outer limit of liability, it is not necessary for the total value to be attributed to each person's claim. *See Folkman v. Quamme*, 2003 WI 116, ¶ 4 n.3, 264 Wis. 2d 617, 665 N.W.2d 857. *Folkman* illustrates that once the limit of the insurer's liability is determined and paid into court, the insurer can be dismissed from the action and the right to appeal the coverage determination survives.[3] *Id.*, ¶ 10.

---

[3] The appellants suggest that the parties' stipulation resolved enough facts to permit Tokio Marine to "pay and walk." Neither this case nor *Folkman v. Quamme*, 2003 WI 116, 264 Wis. 2d 617, 665 N.W.2d 857, involves a true "pay and walk" situation because the duty to defend is not implicated. *See*

¶ 7. The parties' stipulation represents a settlement of the damage portion of the appellants' claim against Tokio Marine. *Lassa v. Rongstad*, 2006 WI 105, ¶ 34, 294 Wis. 2d 187, 718 N.W.2d 673, recognizes that "parties sometimes settle issues in a controversy . . . such that the only question or questions remaining are ripe for appeal." The parties have settled the issue of damages and the question of coverage and limits of liability are ripe for appeal. Nothing further needed to be litigated to terminate the litigation between the parties to the appeal. There are no manufactured issues. *See id.*, ¶ 35. We conclude that no party waived the right to appeal by stipulating to Tokio Marine's dismissal from the action. *See Pierce v. Physicians Ins. Co. of Wis., Inc.*, 2005 WI 14, ¶ 33, 278 Wis. 2d 82, 692 N.W.2d 558 (a stipulation to dismiss all remaining causes of action did not preclude an appeal of the circuit court's ruling that there was no cause of action for emotional distress).

*By the Court.*—Jurisdiction confirmed.

*Young v. Welytok*, 2011 WI App 59, ¶ 20, 333 Wis. 2d 140, 798 N.W.2d 881 (under a policy's "pay and walk" provision, the duty to defend is properly terminated upon payout of the policy limits and permits dismissal of the insurer).