Gregory S. BIRES, Plaintiff-Appellant,

v.

CITY OF MAUSTON, City of Mauston Fire Department, and Heritage Insurance Company, Defendants-Respondents,

Richard HALE, John Does I through X inclusive, and Mauston Plumbing & Heating, Defendants.

Court of Appeals

*No. 88-1641. Submitted on briefs May 8, 1989.—Decided August 24, 1989.*

(Also reported in 447 N.W.2d 100.)

For the plaintiff-appellant, there were briefs by *Daniel Berkos* of *Berkos Law Office,* of Mauston.

On behalf of the defendants-respondents (City of Mauston and City of Mauston Fire Department), there were briefs by *Barrette J. Corneille* and *Jean M. Wiencek* of *Bell, Metzner, Gierhart & Moore, S.C.,* of Madison.

On behalf of the defendant-respondent Heritage Mutual Insurance Company, there was a brief by *James W. Mohr, Jr.,* of Hartford.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

EICH, C.J. Gregory Bires appeals from a judgment dismissing his personal injury action against the City of Mauston Fire Department and several of its officers and employees. The trial court dismissed the action on grounds that workers compensation is the exclusive remedy for his injuries.

We see the issue as whether sec. 102.16(1), Stats., which provides that "[a]ny controversy concerning compensation . . . shall be submitted to the department," requires decisions on an employee's entitlement to compensation—which, under the "exclusive remedy" provisions of ch. 102, Stats., would bar any action at law for negligence—to be made in the first instance by the Department of Industry, Labor and Human Relations (DILHR) before being heard in court. We believe that it does, and we therefore reverse the trial court's dismissal of the action and remand with directions to the court to hold the action in abeyance until DILHR resolves the issue of Bires's entitlement to compensation. Because we so decide, we do not reach other issues raised by the parties.

Bires's injuries arose out of his participation in the City of Mauston's Volunteer Fire Department's "initia-

tion night." As part of his "initiation" as a firefighter, he was required to put on an old uniform and equipment and was then led to various bars by his fellow firefighters, where all consumed large amounts of alcohol. At one point in the evening, his companions covered Bires's face mask so that he could not see. The captain represented to him that he was two stories above the pavement and told him to jump into a firemen's net. The fall was actually only one foot, and Bires slipped and broke his leg in the "jump."

Without Bires's knowledge, the fire chief instructed the city clerk to apply for worker's compensation on his behalf. Eventually, Bires's medical expenses were paid and he received compensation for twenty weeks of temporary total disability. He cashed the checks.

Bires then sued the city, the fire department, the chief and various department employees for negligence. He also alleged a bad faith claim against the city's insurer.

All defendants moved for summary judgment dismissing the action. The trial court granted the motion, concluding that workers compensation was the exclusive remedy for Bires's injuries. The court also held that any challenge to his entitlement to such benefits must be raised before DILHR.

Bires argues on appeal that he is not subject to the exclusive remedy provisions of the act because he was not entitled to worker's compensation benefits.

The requirement of sec. 102.16, Stats., that any "controvers[ies] concerning compensation" must be submitted to DILHR is bolstered by the primary jurisdiction rule, which provides that "[w]hen an issue arises which fits squarely within the very area for which the agency was created, it would be logical to require prior administrative recourse before a court entertains juris-

diction." *Wisconsin Collectors Asso. v. Thorp Finance Corp.,* 32 Wis. 2d 36, 44, 145 N.W.2d 33, 36 (1966).

We do not determine whether Bires's injury falls within the purview of the Worker's Compensation Act. That question is to be determined by DILHR. While referral to the appropriate agency under the primary jurisdiction rule is discretionary, *Local 913 v. Manitowoc County,* 140 Wis. 2d 476, 483, 410 N.W.2d 641, 644–45 (Ct. App. 1987), we conclude that sec. 102.16, Stats., makes it mandatory with respect to questions concerning a previous entitlement to workers compensation. The trial court correctly held that Bires was required to submit the issue of compensation to DILHR. We disagree, however, that the action should have been dismissed.

When enforcement of a claim requires resolution of issues within the special competence of an administrative agency, the judicial process should be suspended pending referral of the issue to the administrative agency. *Wisconsin Collectors Asso.,* 32 Wis. 2d at 47, 145 N.W.2d at 38. We hold, therefore, that the trial court should have simply suspended Bires's action pending DILHR's resolution of the coverage issue. The trial court may, of course, set appropriate time limits within which Bires must apply to DILHR for a ruling.

Whether Bires's acceptance of benefits estops him from claiming he did not suffer a compensable injury is not ripe for determination, since DILHR has not yet decided whether the act applies.

*By the Court.*—Judgment reversed and cause remanded for further proceedings consistent with this opinion.