EMPLOYERS HEALTH INSURANCE CO., Plaintiff-Appellant.†

v.

James C. TESMER, and Rural Mutual Insurance Co., Defendants-Respondents.

Court of Appeals

No. 90–1682. Submitted on briefs January 8, 1991.—Decided March 14, 1991.

(Also reported in 469 N.W.2d 203.)

† Petition to review denied.

734

For the plaintiff-appellant the cause was submitted on the briefs of *Ward I. Richter* of *Bell, Metzner, Gierhart & Moore, S.C.,* of Madison.

For the defendants-respondents the cause was submitted on the briefs of *Scott G. Pernitz* of *Winner, Wixson & Pernitz* of Madison.

Brief of amicus curiae was filed by *Donald J. Hanaway,* attorney general, and *Stephen M. Sobota,* assistant attorney general, on behalf of the State of Wisconsin.

Before Eich, C.J., Gartzke, P.J., and Dykman, J.

EICH, C.J. Employers Health Insurance Company appeals from a judgment and an order dismissing its complaint against James Tesmer and Rural Mutual Insurance Company. Employers seeks a declaratory judgment that sec. 102.30(7)(b), Stats., which precludes nonindustrial insurers from participating in worker's compensation proceedings, is unconstitutional. The issue is whether the statute denies nonindustrial insurers a "certain remedy in the law for all injuries or wrongs" as guaranteed by art. I, sec. 9, of the Wisconsin Constitution. We conclude that the statute is constitutional and affirm the judgment.

James Tesmer was seriously injured in a plane crash. He sought worker's compensation benefits, claiming that the accident occurred during the course of his employment with Tesmer Plumbing. Rural Mutual Insurance Company, Tesmer's employer's worker's compensation carrier, denied coverage, arguing that Tesmer had deviated from the course of his employment at the time of his accident. Tesmer then commenced worker's compensation proceedings, attempting to recover under the Rural policy.

Tesmer required extensive medical treatment for his injuries and Employers, his group health carrier, paid more than $165,000 in medical expenses. Employers maintains that it should be reimbursed for these payments because its policy contains an exclusion for medical expenses covered by worker's compensation insurance. Employers petitioned for leave to intervene in Tesmer's worker's compensation proceeding and the Department of Industry, Labor & Human Relations denied the request under sec. 102.30(7)(b), Stats. The statute provides:

(a) The department may order direct reimbursement out of the . . . payments made under a nonindustrial insurance policy covering the same disability and expenses compensable under s. 102.42 when the claimant consents or when it is established that the payments under the nonindustrial insurance policy were improper . . ..

(b) An insurer who issues a nonindustrial insurance policy described in par. (a) may not intervene as a party in any proceeding under this chapter for reimbursement under par. (a).[1]

Employers then sought a declaratory judgment in circuit court that sec. 102.30(7)(b), Stats., violates art. I, sec. 9 of the constitution, which provides:

Every person is entitled to a certain remedy in the laws for all injuries, or wrongs which he may receive in his person, property, or character; he ought to obtain justice freely, and without being obliged to purchase it, completely and without denial, promptly and without delay, conformably to the laws.

As indicated, the trial court dismissed Employers' complaint and this appeal followed.

The constitutionality of a statute is a question of law which we review *de novo. State v. McManus,* 152 Wis. 2d 113, 129, 447 N.W.2d 654, 660 (1989). Statutes carry a heavy presumption of constitutionality and the challenger has the burden of proving unconstitutionality beyond a reasonable doubt. *Chappy v. LIRC,* 136 Wis. 2d 172, 184-85, 401 N.W.2d 568, 573-74 (1987). "If there is any reasonable basis upon which the legislation may constitutionally rest, the court must assume that the legislature had [that] fact in mind [when it passed the

[1]The policy issued by Employers to Tesmer is a nonindustrial policy.

act]. The court cannot try the Legislature and reverse its decision as to the facts." *State v. Interstate Blood Bank Inc.,* 65 Wis. 2d 482, 489, 222 N.W.2d 912, 915 (1974) (citation omitted). "Every presumption must be indulged to sustain the law if at all possible and, wherever doubt exists . . . it must be resolved in favor of constitutionality." *State ex rel. Hammermill Paper Co. v. La Plant,* 58 Wis. 2d 32, 46, 205 N.W.2d 784, 792 (1973).

The basic purpose of the worker's compensation act is to provide prompt justice for injured workers and to prevent, as far as possible, the delays that might arise from protracted litigation. *See Cruz v. ILHR Dep't,* 81 Wis. 2d 442, 449–50, 260 N.W.2d 692, 694 (1978). The proceedings should be as simple and as speedy as possible. *Bellrichard v. Indus. Comm'n,* 248 Wis. 231, 239, 21 N.W.2d 395, 398 (1946).

Employers contends that sec. 102.30(7)(b), Stats., violates the "certain remedy" clause because its inability to intervene in its insured's compensation proceedings may preclude it from recovering the medical expenses previously paid on the insured's behalf. Employers has other remedies, however. Under the terms of the policy, Tesmer "agree[d] to reimburse the insurer" for benefits paid under the policy for which he might be reimbursed through worker's compensation. If Employers believes it has improperly paid Tesmer's expenses, it may proceed against Tesmer directly for reimbursement. Second, sec. 102.30(7)(a), Stats., permits DILHR to order reimbursement for payments improperly made under a nonindustrial insurance policy covering the same disability and expenses. Thus, if Tesmer should succeed in his worker's

compensation claim, Employers may petition DILHR for reimbursement under sec. 102.30(7)(a).

Employers argues, however, that should Tesmer and Rural settle the worker's compensation case by a cash payment from Rural in exchange for Tesmer's agreement that Rural was not liable for his injuries, it (Employers) could be prevented from any recovery. Relying on *La Crosse Lutheran Hospital v. Oldenburg,* 73 Wis. 2d 71, 241 N.W.2d 875 (1976), Employers contends that the intervention bar of sec. 102.30(7)(a), Stats., may be used by the injured employee in striking a deal with the compensation carrier that would exclude the nonindustrial health insurer from any recoupment of medical benefits paid to the employee.

Employers characterizes *La Crosse Lutheran* as holding that "a compromise negotiated between the employee and the compensation carrier and approved by the department constitutes a finding, binding upon the health insurance carrier, 'that the employer had no liability.' " Employers argues that such a finding in this case would preclude recovery of the benefits it had paid and thus deprive it of the "remedy in law" guaranteed by the constitution. As we did in a case following *La Crosse Lutheran,* we disagree.

In *Udelhofen v. John Hancock Mut. Life Ins. Co.,* 128 Wis. 2d 216, 219–20, 381 N.W.2d 579, 581 (Ct. App. 1985), we held that *La Crosse Lutheran* is pertinent only to the liability of the employer, not to that of a third party:

> We hold that the compromise agreement [between the employee and the compensation carrier] does not deprive [the health carrier] of the right to litigate whether [the employee's] injuries . . . come within the [health] policy exclusion: i.e., were compensable under any worker's compensation law . . ..

739

> We so hold because [the health carrier] was not a party to the compromise agreement. As a general rule, a contract between two persons is not binding on persons who are not in privity to it. *Udelhofen,* 128 Wis. 2d at 220, 381 N.W.2d at 581.

Thus, Employers may bring a claim against Tesmer for any medical expenses it thinks it has wrongly paid—regardless of any compromise between Tesmer and Rural. While Employers cannot sue Rural, it is not without a remedy, although the remedies available may not be the ones it would otherwise choose.[2]

While Employers concedes that it has a right to pursue the insured, it argues that sec. 102.30(7)(b), Stats., should nonetheless be held unconstitutional for a variety of "policy" reasons—the "absurd result[s]" it claims would follow from possible conflicting decisions in the "parallel" agency and court proceedings, and the economic and other pitfalls such parallel actions might place in the employee's path to compensation. We agree with Rural's characterization of this argument: "Employers is merely arguing that the statute is bad policy."

It is entirely possible that the worker's compensation laws may occasionally lead to harsh results. Few laws do not carry that potential. Nonetheless, public policy arguments challenging the wisdom of sec. 102.30(7)(b), Stats., are for the legislature, not the

---

[2]A nonindustrial insurance carrier is also afforded some degree of protection from DILHR itself in the settlement situation, for the agency must approve any compromise entered into between an injured worker and his or her worker's compensation carrier. Presumably, DILHR would not approve a compromise entered into as a ruse to allow the compensation carrier to avoid liability to the health insurance provider.

courts, to consider. *See Sambs v. City of Brookfield,* 97 Wis. 2d 356, 371, 293 N.W.2d 504, 512 (1980) (citation omitted).

The legislature has limited the remedies available to nonindustrial insurance carriers and it has done so, presumably, in order to effectuate the statute's goal of keeping the worker's compensation proceedings summary in form and to permit the parties to settle their differences, thus "avoid[ing] litigation before DILHR when neither wants to risk an all-or-nothing contest."[3] And, as we have pointed out, the nonindustrial insurer is not without its remedies. The Wisconsin Constitution "does not entitle Wisconsin litigants to the exact remedy they desire, but merely to their day in court. Under sec. 9, art. I, the legislature may impose reasonable limitations upon the remedies available to parties." *Metzger v. Wisconsin Dep't of Taxation,* 35 Wis. 2d 119, 129, 150 N.W.2d 431, 436 (1967) (citations omitted). We believe it has done so here. We conclude, therefore, that sec. 102.30(7)(b), Stats., does not violate the "certain remedy" clause of the Wisconsin Constitution.

Finally, Employers argues—without citing any authority—that we "should create an exception to DILHR's exclusive jurisdiction over worker's compensation issues." Whether the circuit court has primary jurisdiction to determine compensation issues is an issue of law. *In Interest of E.C.,* 130 Wis. 2d 376, 381, 387 N.W.2d 72, 74 (1986).

Section 102.16(1), Stats., provides that "[a]ny controversy concerning compensation . . . *shall* be submit-

---

[3]*See Udelhofen,* 128 Wis. 2d at 220, 381 N.W.2d at 581.

ted to the department [DILHR] in the manner and with the effect provided in the chapter." (Emphasis added.) Well-settled precedent establishes that sec. 102.16(1), Stats., gives DILHR primary jurisdiction over issues arising under the worker's compensation laws. *See, e.g., Bires v. City of Madison,* 151 Wis. 2d 892, 894-95, 447 N.W.2d 100, 101 (Ct. App. 1989). We decline Employers' invitation to reverse established case law and ignore the plain provisions of sec. 102.16(1).

*By the Court.*—Judgment and order affirmed.